## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

FRANCES V. BYRON,                    )
                                     )
             Plaintiff,              )
                                     )
v.                                   )        Civil Action No. 3:09-CV-197-HEH
                                     )
EMC MORTGAGE CORP., *et al.*,        )
                                     )
             Defendants.             )

### MEMORANDUM OPINION
#### (Granting Defendants' Motions to Dismiss)

This case involves a consumer, Frances V. Byron ("Byron"), seeking to rescind her mortgage after subsequent refinancing because of the lender's technical violation of the Truth-in-Lending Act ("TILA"). The case is currently before the Court on a Motion to Dismiss (Dkt. 19) jointly filed by lenders Bear Stearns Residential Mortgage Corporation ("Bear Stearns"), and EMC Mortgage Corporation ("EMC") (collectively, "Defendants"). All involved parties have filed memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons detailed herein, Defendants' Motion to Dismiss was granted by Order entered August 5, 2009.

### I. FACTUAL BACKGROUND

In December of 2006, Byron obtained a $280,000.00 residential mortgage from Bear Stearns secured by her primary dwelling. In connection with the loan, Defendant

Bear Stearns took a security interest in Byron's home. Shortly thereafter, EMC began servicing Byron's mortgage for Bear Stearns. At some point thereafter, Byron refinanced her mortgage, paying off the original loan in full and extinguishing any security interest held by Defendants. Despite refinancing and paying off the original loan in full, in January of 2009, Byron attempted to rescind her transaction with Bear Stearns, alleging that Defendants violated TILA's notice requirements, which had the effect of extending her right to rescind until December of 2009.

Byron does not contend that Defendants failed to provide her with the required material disclosures or with actual notice of her rights under TILA. Rather, Byron claims that notice of her right to rescind was inadequate because she allegedly received only one copy of the notice, instead of the two copies required by TILA regulations. Byron argues that, if proven, this hypertechnical violation of the notice requirement would still permit her to rescind the original transaction because TILA is a strict liability statute that does not require proof of injury to be enforced against lenders. Byron asserts that, upon rescission, she is entitled to receive statutory damages, along with the "return of finance or other charges arising from the loan." Compl. ¶ 23. Despite refinancing her original loan and repaying Defendants in full, Byron claims that rescission is still appropriate because she is entitled relief beyond the mere removal of Defendant's security interest.

Though Defendants deny that Byron received only one copy of the notice of the

2

right to rescind[1], they assert that the Court should nonetheless grant their Motion to Dismiss notwithstanding any such error because: (1) Byron relinquished any right of rescission when she refinanced her loan; and/or (2) equitable considerations preclude Byron from rescinding her mortgage for a technical violation that caused her no injury.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that, to survive a motion to dismiss, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint achieves facial plausibility when it contains sufficient factual allegations to support a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

---

[1] Defendants support their assertion that Plaintiff received two copies of the notice of the right to rescind by claiming to have an Acknowledgment Form, signed by Plaintiff, "in which she acknowledges receiving two copies of the Rescission Notice." Def. Br. at 3 n.2. If Plaintiff's Complaint survives Defendants' Motion to Dismiss, the Acknowledgment Form creates a rebuttable presumption of receipt of the required disclosures. 15 U.S.C. § 1635(c). At this stage, however, the Court must assume Plaintiff's factual allegation that she only received one copy of the notice is true. *See infra* Part II.

3

plausibly give rise to an entitlement to relief," but, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief'" as required by Rule 8(a)(2). *Iqbal*, 129 S. Ct. at 1950.

### III. ANALYSIS

A. <u>Statutory Requirements of the Truth-in-Lending Act</u>

This action requires the Court to examine a consumer's right to rescind her loan under TILA. Congress enacted TILA to enhance economic stabilization and strengthen competition among financial institutions offering consumer credit by requiring informed use of credit. 15 U.S.C. § 1601(a). The purpose of TILA is to "protect [consumers from] inaccurate and unfair credit billing and credit card practices" by ensuring "meaningful disclosure of credit terms." *Id.* Accordingly, consumers who engage in a credit transaction using their primary dwelling as a security interest are given the right to rescind the transaction within a three day period. 12 C.F.R. § 226.23(a)(1). Lenders are required to provide consumers with adequate notice of the right to rescind, along with a number of other "material disclosures."[2] *Id.* at § 226.23(b)(1) (requiring *two copies* of the notice of the right to rescind to each consumer entitled to rescind") (emphasis added).

---

[2] "The term 'material disclosures' means the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in § 226.32 (c) and (d)." 12 C.F.R. § 226.23(a)(3) n.48.

4

When a lender does not give a consumer the material disclosures and notice of the right to rescind, the consumer's right to rescind is extended from a three-day period to a three-year period. 15 U.S.C. § 1635(f). When a consumer exercises the right to rescind a transaction under TILA, he is no longer liable "for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void." *Id.* § 1635(b).

B.  The Right to Rescind Under TILA After Refinancing

The first question before the Court is whether Plaintiff has the right to rescind the loan at issue after refinancing her mortgage and paying off her loan in full, thereby removing Defendants' security interest in her home. Courts of appeal are split regarding a consumer's right to rescind under TILA after the consumer refinances their loan. *Compare King v. California*, 784 F.2d 910, 912 (9th Cir. 1986) (refusing to permit rescission after plaintiff refinanced the loan because "there [was] nothing to rescind"), *with Barrett v. J.P. Morgan Chase*, 445 F.3d 874, 878 (6th Cir. 2006) (holding that homeowners were permitted to rescind their loan transaction despite refinancing, because rescission under TILA provides for other remedies in addition to the removal of the security interest). To date, the Fourth Circuit has not decided if consumers maintain the right to rescind under TILA after refinancing a loan.

Defendants urge this Court to follow the Ninth Circuit's holding in *King*, and find that Plaintiff extinguished her right to rescind by refinancing her loan. Because

5

refinancing releases any security interest that the initial lender had in the property, the

*King* court apparently reasoned there was nothing left for consumers to rescind. *King*,

784 F.2d at 913. The *King* decision, however, has drawn criticism for its lack of detailed

analysis[3] and its failure to recognize that there are other elements of the transaction to

rescind aside from the removal of any security interest. *See, e.g., Handy v. Anchor*

*Mortg. Corp.*, 464 F.3d 760, 765 ("[T]he remedies associated with rescission remain

available even after the subject loan has been paid off."); *Duren v. First Gov't Mortg. &*

*Investors Corp.*, 2000 U.S. App. LEXIS 15469, *7 (D.C. Cir. 2000) (unpublished

opinion). The majority of courts disagree with *King* and hold instead that 15 U.S.C.§

1635(b) plainly requires creditors to return finance and other charges associated with the

transaction in addition to removing any security interest. *See, e.g., Barrett*, 445 F.3d at

878.

Notably, the implementing regulation of TILA identifies only three events which

extinguish a consumer's rescission rights: (1) the passage of three years after

consummation of the transaction; (2) the transfer of the consumer's interest in the

property; or (3) the sale of the property. 12 C.F.R. § 223.23(a)(3). TILA is frequently

interpreted in favor of consumers, making the absence of specific language extinguishing

the right to rescind upon refinancing particularly instructive. *See, e.g., Bizier v. Glober*

---

[3] Unfortunately, the *King* court did not provide thorough reasoning explaining their holding that refinancing left nothing to rescind in light of TILA's provision requiring the return of certain finance fees or other charges, in addition to the removal of any security interest. *King*, 784 F.2d at 913.

*Fin. Servs., Inc.*, 654 F.2d 1, 3 (1st Cir. 1981) ("[C]ourts have consistently recognized

[that] the act is intended to balance scales thought to be weighed in favor of lenders and is

thus to be liberally construed in favor of borrowers."); *see also Barrett*, 445 F.3d at 878

(noting that nothing in the language of TILA dictates that the right to rescind is

extinguished upon refinancing).

Because of the criticism that *King* and its holding have received, the Court declines

to adopt Defendants' argument that refinancing leaves nothing to rescind without clear

guidance from the Fourth Circuit. Moreover, it is unnecessary to determine the effect of

refinancing on the right to rescind under TILA, because the Court finds alternative

grounds upon which to grant Defendants' Motion to Dismiss.

C. Equitable Application of TILA

The second question before the Court is whether equitable considerations preclude

Plaintiff from rescinding her loan. While some courts take a "hypertechnical approach"

to finding liability under TILA[4], the Fourth Circuit recently explained that TILA's

requirements must be "reasonably construed and equitably applied." *American Mortg.*

*Network, Inc. v. Shelton*, 486 F.3d 815, 819 n.4 (4th Cir. 2007). Although TILA provides

---

[4] TILA does not specifically require consumers to show actual damages in order to rescind.
Thus many courts hold that minor violations of TILA result in liability, even when consumers are not
injured by the violation. *See Schnall v. Amboy*, 279 F.3d 205, 218 (3d Cir. 2002) ("[T]o recover statutory
damages under TILA, plaintiffs need not show that they would not have agreed to the transaction had the
lender's disclosure complied with TILA or that they . . . suffered financial injury as a result of the TILA
violation."); *see also Cohen v. Bank United*, 70 F.3d 937, 941 (7th Cir. 1995) (holding that
"hypertechnicality reigns" when enforcing TILA violations).

a statutory right to rescind, there is nothing in TILA's language that limits a court's power

to circumscribe rescission if it would result in "stark inequity." *Powers v. Sims*, 542 F.2d

1216, 1221 (4th Cir. 1976).  Because rescission is an equitable remedy, subject to

equitable considerations, *Shelton*, 486 F.3d at 819, a consumer's attempt to rescind will

not be enforced if it would "deprive the lender of its legal due." *Powers*, 542 F.2d at

1222.

Thus, when determining if a consumer has the right to rescind a transaction, the

Court, in its discretion, may weigh any resulting inequity.  In this case, if Plaintiff were

permitted to rescind her loan, Defendants would be forced to return finance charges and

other fees paid by Plaintiff solely because Plaintiff allegedly received one copy of the

notice of the right to rescind instead of two.  Plaintiff pleaded no facts alleging that she

was damaged by this minor oversight.[5]  Nor has Plaintiff alleged that she did not receive

actual notice of her right to rescind the transaction.  Equitable considerations thus

preclude Plaintiff's claim for relief on these facts.

Assuming Plaintiff was able to prove that she received only one copy of the right

to rescind notice, she would receive an unconscionable windfall if permitted to rescind

for that technical error.  Mindful of TILA's equitable considerations, this Court refuses to

interpret TILA—an Act designed to protect consumers who are victimized by unfair

---

[5] The Court does not decide that a consumer who received no actual damages should be precluded from rescission in a different case.  However, under the facts pleaded in this case, Plaintiff has no plausible, conscionable entitlement to relief.

8

credit practices—in a manner that permits a consumer who received actual notice of

TILA's disclosures to profit from the lender's harmless error in this case. To do so would

result in stark inequity to the lenders here.

The Court's decision is consistent with other Circuits' analysis of the legislative

intent underlying TILA. *See McKenna v. First Horizon Home Loan Corp.*, 475 F.3d 418,

424 (1st Cir. 2001) (finding that Congress did not intend, in enacting TILA, for lenders to

face "overwhelming liability for relatively minor violations."); *Smith v. Highland Bank*,

108 F.3d 1325, 1327 n.4 (11th Cir. 1997) (noting that "Congress would not have us adopt

a hypertechnical reading of *any part* of TILA.") (emphasis added). The *Smith* court

explained that Congress feared allowing plaintiffs to rescind for minor TILA violations

would lead to opportunistic lawsuits. *Id.* ("The problem is that an honest mistake of no

consequence . . . has become the subject of shark instincts of the plaintiff's bar" (quoting

141 Cong. Rec. H9513, H9514 (daily ed. Sept. 27, 1995) (statement of Rep. Leach))).

According to the court in *Smith*, lawmakers were also concerned that liability for minor

violations would lead to "higher rates and less lending," ultimately hurting the very group

TILA was designed to protect—consumers. *Id.* (internal quotations omitted).

## IV. Conclusion

Accepting the allegations in Byron's Complaint as factually true, the Court is

unable to find any plausible argument which entitles Byron to relief. *See Iqbal*, 129 S. Ct.

at 1949. Whether a consumer loses the right to rescind by refinancing and paying off a

9

loan need not be decided in this case.  Because Plaintiff's Complaint does not show she is entitled to relief as required by Fed. R. Civ. P. 8(a)(2), it fails to state a plausible claim upon which relief may be granted.  Accordingly, Defendants' Motion to Dismiss will be granted.

The Clerk is directed to send a copy of this Memorandum Opinion and the Order of August 5, 2009 to all counsel of record.

/s/

Henry E. Hudson
United States District Judge

ENTERED this 10th day of August, 2009.
Richmond, VA.

10